THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROGER CHADWICK, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 25, 1968, convicting him of robbery in the second degree, upon a plea of guilty, and sentencing him, as a third felony offender, to imprisonment for 7½ to 15 years. Judgment affirmed. When defendant came before the court for sentencing, his counsel stated that his notes reflected that after defendant's plea of guilty to robbery in the second degree had been taken the court made a promise that, in the event it turned out that defendant was a multiple felony offender, he would be permitted to withdraw the plea and to plead guilty, instead, to attempted robbery in the second degree. Neither the court nor the Assistant District Attorney recalled that any such promise had been made. Defendant was thereupon sentenced as a third felony offender, pursuant to his plea of guilty to robbery in the second degree. It is defendant's contention that, in view of the statement made by his attorney, an issue of fact was raised as to whether or not such a promise had been made and that he is, therefore, entitled to a hearing. This contention lacks merit. In our opinion, the question of whether such a promise was in fact made is academic in view of the sentence imposed. Assuming, *arguendo*, that such a promise was made, the relief to which defendant would be entitled is not withdrawal of his plea with the option to either stand trial or plead anew, but fulfillment of the promise (see *People* v. *Keehner*, 28 A D 2d 695, affd. 25 N Y 2d 884). Accordingly, had defendant been permitted to withdraw his plea and to plead guilty to attempted robbery in the second degree instead, as a third felony offender, he would have been subject to an indeterminate sentence with a maximum of not more than 15 years (former Penal Law, §§ 261, 1941, 2127). Inasmuch as the sentence imposed pursuant to the second degree robbery plea does not exceed the punishment to which he would have been subject had he pleaded guilty to attempted robbery in the second degree, the promise to him, if made, has in effect been kept. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH R. HEALEY, Appellant.— Order of the County Court, Dutchess County, dated December 19, 1968, affirmed. Appellant's contention that he was deprived of his right to appeal from the judgment of conviction by the conduct of his assigned counsel is conclusively refuted by the original papers which contain a timely notice of appeal from that judgment. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.