■ In the Matter of JOHN AA. and Another, Children Alleged to be Permanently Neglected. BERNHARDT S. KRAMER, as Commissioner of the Ulster County Department of Social Services, Respondent; JOHN AA. et al., Appellants.—Appeal from a judgment of the Family Court of Ulster County, entered April 5, 1979, which adjudged appellants' three children to be permanently neglected pursuant to article 6 of the Family Court Act. The sole contention upon this appeal is that section 622 of the Family Court Act is unconstitutional because the standard of proof required by the statute, a fair preponderance of the evidence, is so low that it deprives them of due process of law. In *Matter of Anthony L. CC.* (48 AD2d 415, 419), this court held that the level of proof required by section 622 was constitutional. In adhering to our decision, we note that the permanent neglect statute (Social Services Law, § 384-b; Family Ct Act, § 611 *et seq.)* recognizes and seeks to balance rights possessed by the child (see Social Services Law, § 384-b, subd 1; *Matter of Bennett v Jeffreys,* 40 NY2d 543, 546-547) with those of the natural parents (see Social Services Law, § 384-b, subd 1; *Matter of Sanjivini K.,* 47 NY2d 374, 382; *Matter of Corey L v Martin L,* 45 NY2d 383, 392). Accordingly, application of the preponderance of evidence standard in such a proceeding involving these often conflicting rights is proper and constitutional. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD BUSHEY, Appellant.—Appeal from a judgment of the County Court of Franklin County, rendered July 5, 1979, convicting defendant upon his plea of guilty of the crime of rape in the first degree. Defendant was indicted for commission of the crimes of rape in the first degree, sodomy in the first degree (two counts), and sexual abuse in the first degree. As part of a plea bargain made between the defendant's attorney and the District Attorney, the District Attorney agreed not to prosecute the latter two counts of the indictment or certain other potential charges. He also agreed not to make any recommendation as to sentence. However, at sentencing the prosecutor asked the court to give ˙defendant the maximum permissible sentence. Defense counsel immediately called the broken promise to the prosecutor's and the court's attention. The prosecutor thereupon apologized, but the court nevertheless proceeded to sentence the defendant to the maximum allowable sentence. This was error. In such circumstances, the sentence should be vacated, and the matter remitted for resentencing before a different Judge so that the promise may be fulfilled *(Santobello v New York,* 404 US 257; *People v Young,* 71 AD2d 582; cf. *People v Chadwick,* 33 AD2d 687). Judgment modified, on the law, by vacating the sentence; matter remitted to the County Court of Franklin County for resentencing before a different Judge, and, as so modified, affirmed. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.