Mary A. Dennerlein, Respondent, *v.* Emma M. R. Martin, Appellant.

Rescission — false representations — fraud — contract — action to rescind conveyance of real property on ground it was induced by false promise of support — finding that conveyance was induced by fraud unsupported by evidence — plaintiff entitled to relief if defendant refuses support — judgment on that theory unwarranted by findings.

1. In an action to rescind a conveyance of an interest in real property on the ground that defendant's promises and representations that she would provide a home for plaintiff and support and maintain her, made as an inducement for and consideration for the conveyance, were false and fraudulent; that defendant never intended to carry out her promises and had failed and refused to perform them, a finding that the conveyance was originally induced by actual fraud is not supported by the evidence where the record discloses that for more than three years thereafter the defendant maintained and supported plaintiff at an expense very much greater than the income received from the property conveyed.

2. Plaintiff may, nevertheless, b ̀ entitled to a decree rescinding the conveyance, if defendant fails and refuses to carry out her promise to provide suitable support and other remedy would be inadequate. but where findings which show a complete breach and repudiation of her promise by defendant are only partially sustained by the evidence and findings of unkind treatment of plaintiff by defendant are intertwined with findings without support in the evidence, they do not form the basis for a judgment on a theory different from that on which the case was tried.

*Dennerlein* v. *Martin*, 219 App. Div. 829, reversed.

(Argued December 5, 1927; decided January 10, 1928.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 4, 1927, affirming an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*William M. Kilcullen* for appellant. In the absence of proof establishing either actual or constructive fraud

the complaint herein should have been dismissed and it was error for the trial justice to deny defendant's motion to dismiss the complaint made at the close of the plaintiff's case and again at the close of the whole case, and the Appellate Division should have reversed the judgment rendered in favor of the plaintiff. (*Calhoun* v. *Calhoun,* 49 App. Div. 520; *Spaulding* v. *Hallenbeck,* 35 N. Y. 204; *Wood* v. *Leeka,* 262 Ill. 607; *William* v. *Langwill,* 241 Ill. 441; *Russell* v. *Robbins,* 247 Ill. 510; *Dwelley* v. *Dwelley,* 143 Mass. 509; *Kinney* v. *Kinney,* 221 N. Y. 133.)

*Frederick P. Close, Lee Parsons Davis* and *John R. Bushong* for respondent. Plaintiff's complaint and the evidence in support thereof clearly made out a cause of action. (*Greaves* v. *Husband,* 238 N. Y. 604; *Adams* v. *Gillig,* 199 N. Y. 314; *Ritzwoller* v. *Lurie,* 225 N. Y. 464; *McClellan* v. *Grant,* 83 App. Div. 599; 181 N. Y. 581; *Wood* v. *Rabe,* 96 N. Y. 414; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *Kinney* v. *Kinney,* 221 N. Y. 133; *Winne* v. *Winne,* 166 N. Y. 263; *Harrington* v. *Schiller,* 231 N. Y. 278.) The findings by the trial court that the defendant intended to deceive and defraud the plaintiff are supported by the findings. (*Fletcher* v. *Manhattan Life Ins. Co.,* 197 App. Div. 484; *Gallagher* v. *Gallagher,* 135 App. Div. 457; 202 N. Y. 572; *Frank* v. *Von Bayer,* 236 N. Y. 473; *Tiedermann* v. *Tiedermann,* 201 App. Div. 614; 236 N. Y. 534.)

Lehman, J. The plaintiff in September, 1920, conveyed to the defendant, her sister, her interest in a number of parcels which she owned in common with the defendant and other members of her family. The plaintiff is a retired school teacher. For some years previous to the time she made the conveyance, she had been an invalid and required constant care and attention. She had lived with the defendant and the defendant's husband.

The defendant took care of the plaintiff and did the household work. The plaintiff paid one-third of the household expenses. Her only income was at that time derived from a pension she received as a retired school teacher, and from her interest in the parcels of land conveyed to the defendant. The defendant had showed the plaintiff until the time of the conveyance the utmost kindness and forbearance. By the conveyance to the defendant in September, 1920, the plaintiff stripped herself of practically all her property and all her income except that derived from her pension. At the time the defendant received the conveyance she promised expressly or impliedly to provide a home for the plaintiff at her own cost and expense and to support, maintain and treat the plaintiff in the same manner as before.

The defendant supported the plaintiff either in her own home or at Atlantic City until March 7th, 1924. Then the plaintiff left the defendant's home and went to reside with another sister. Thereafter she brought this action to rescind the conveyance on the ground that the defendant's promises and representations made in 1920 as an inducement for and consideration of her conveyance were false and fraudulent; that the defendant never intended to carry out her promises and that from May, 1923, she had failed and refused to perform them. After a trial, the court has made findings in accordance with the allegations of the complaint and an interlocutory judgment for rescission and an accounting has been entered.

Between the defendant who provided for the plaintiff until March, 1924, and the sister with whom the plaintiff now lives, there has long been discord. Indeed, it would appear that the whole family is divided into discordant groups. That background of family discord colors most of the testimony presented at the trial. We may not determine where the truth lies where there is conflict of evidence upon an issue of fact. We are bound by

the findings made, so far as there is evidence to support them. In our determination that the record is without evidence to support the finding that the conveyance in 1920 was induced by fraudulent representations or promises which the defendant had no intention of keeping, we refer only to facts which are undisputed or embodied in findings of the trial judge.

The record discloses that for three years after the property was conveyed to the defendant, the expenses of maintaining and supporting the plaintiff were greater by thousands of dollars than the income received by the defendant from the property. For two years of that time the plaintiff lived at Atlantic City. She was provided with a nurse and medical treatment. The defendant, like the plaintiff, was a retired school teacher, and there is a finding that " in order to obtain ready cash to help pay the expenses of maintaining and supporting the said plaintiff, the defendant was compelled to and did obtain employment as a teacher in the Public Schools of the City of New York, returning to said teaching profession after an absence of ten years therefrom."

Even as late as the autumn of 1923, it is undisputed that the defendant paid out over $600 for the expense of an operation intended to make the plaintiff more comfortable. Nowheres is there a suggestion that until after the operation the defendant failed to exercise the utmost kindness and generosity towards the plaintiff. In the face of these undisputed facts it is apparent that the finding that the conveyance was originally induced by actual fraud is not supported by the evidence. Indeed at the trial the plaintiff's counsel stated that he would not dispute the defendant's claim of large expenditures, adding: " Our theory of this case is that you became tired of your burden and you have treated her badly."

Though the evidence does not establish that the conveyance of plaintiff's property was induced by fraud, yet doubtless she may be entitled to a decree rescinding

that conveyance if the defendant willfully fails and refuses to carry out her promise to provide suitable support and other remedy would be inadequate.   In consideration of that promise the plaintiff stripped herself of her property; if the consideration totally fails she may demand back what she has paid.   (See opinion of KELLOGG, J., in *Rosenwasser* v. *Blyn Shoes, Inc.,* 246 N. Y. 340, and case cited therein.)   If the case had been tried and findings made upon that theory, the allegations of fraud contained in the complaint might be disregarded as surplusage.   There are some findings which would show a complete breach and repudiation by the defendant of her promise.   Only in part does the evidence sustain these findings.   At least the defendant did furnish an excellent room and plentiful food of the best quality, even if the food may not have been suitable for plaintiff's condition.   Perhaps if the evidence produced by the plaintiff is accepted as true, the defendant from November, 1923, to March, 1924, spoke so unkindly to plaintiff as to make the plaintiff's life in her home unsupportable. These are matters which should be determined at a new trial.   The findings made at this trial as to such treatment are so inextricably intertwined with findings which are without support in the evidence, that they do not form the basis for a judgment on a theory different from that on which the case was tried.

The judgment should be reversed and a new trial granted, with costs to abide the event.

The questions certified are answered as follows: First, third and fourth in the negative; second in the affirmative; fifth, not answered.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgment reversed, etc.