■ WESLEY SMITH, as Executor of CHARLES E. HATCH, Deceased, Appellant, v. LENNIE HATCH, Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: It is difficult to ascertain from the complaint the specific relief which plaintiff seeks. He demands "that the defendant's name be cancelled and removed of record from the said deed, and that she be divested of any or all right, title or interest in said property, and that plaintiff be declared to be the sole and complete owner thereof, and for such further and other relief." The proof offered by the plaintiff sought to establish a promise by the defendant, in consideration for which she was made a joint owner of the real property of the plaintiff's decedent, that "she would stay there (in the real property) and take care of him." Defendant moved into the property with the decedent, lived there about three months and then left and did not return. This impels us to conclude that the cause of action was one to compel reconveyance of the property on the ground of rescission of the transaction because of willful breach or because of failure of consideration. It is apparent from the statement of the Trial Justice when he dismissed the complaint that he gave no consideration to this aspect of the case. He determined that the sole relief sought by the plaintiff was to set aside the deed by reason of fraud, conspiracy or duress and that he would not permit parol evidence to vary the terms of the deed. The failure of the trial court to consider this as an action for reconveyance upon the ground of rescission makes necessary a new trial. Williston on Contracts (vol. 5, § 1456, p. 4067) covers this situation in this statement: "In the United States, the mere fact that a conveyance has been made does not prevent rescission and cancellation of the deed for failure of consideration." This principle was enunciated by *Dennerlein* v. *Martin* (247 N. Y. 145, 148–149) where the court said: "Though the evidence does not establish that the conveyance of plaintiff's property was induced by fraud, yet doubtless she may be entitled to a decree rescinding that conveyance if the defendant willfully fails and refuses to carry out her promise to provide suitable support and other remedy would be inadequate. In consideration of that promise the plaintiff stripped herself of her property; if the consideration totally fails she may demand back what she has paid." We find that plaintiff made out a prima facie case in rescission. Upon the new trial the court should examine the evidence with this theory in mind. All concur. (Appeal from a judgment of Seneca Equity Term dismissing plaintiff's complaint on the merits at the close of plaintiff's case in an action to set aside a deed.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ CURTIS FOWLER, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict was against the weight of evidence. All concur. (Appeal from a judgment of Onondaga Trial Term for plaintiff in a negligence action.) Present — Williams, J. P., Bastow, Goldman and Halpern, JJ.

■ AVON & FOWLER, INC., Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict was against the weight of evidence. All concur. (Appeal from a judgment of Onondaga Trial Term for plaintiff in a negligence action.) Present — Williams, J. P., Bastow, Goldman and Halpern, JJ.

■ In the Matter of ATLANTIC REFINING COMPANY, INC., Appellant, against BOARD OF TRUSTEES OF THE VILLAGE OF SLOAN, Respondent. (And Another Proceeding.) — Appeal dismissed, without costs, upon stipulation.

■ CHESTER GRAZUL et al., Appellants, v. LUCILLE BOMBARD et al., Respondents.— Appeal dismissed, without costs, upon stipulation.