In the Matter of Michael Redding, a Child.
STATE ex rel JUVENILE DEPARTMENT
OF CLATSOP COUNTY,
*Respondent,*

*v.*

KIRK,
*Appellant.*

(No. 615 J, CA 14080)

In the Matter of Reva Marie Barnes,
a Child.
STATE ex rel JUVENILE DEPARTMENT
OF CLATSOP COUNTY,
*Respondent,*

*v.*

KIRK,
*Appellant.*

(No. 625J, CA 14081)

(Consolidated cases)

606 P2d 634

[381]

Jeanyse R. Snow, Portland, argued the cause and filed the brief for appellant. Dan Van Thiel, Astoria, court-appointed attorney for the children, Michael and Reva Marie, joined in the brief.

Marie J. Deits, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

**THORNTON, J.**

The mother appeals a trial court order terminating her parental rights in two of her children. After de novo review of the record, we affirm. ORS 419.561(4), 19.125(3).

The petition to terminate was brought under ORS 419.523(3) which authorizes termination if the court finds the parent has:

" * * * failed or neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child for one year prior to the filing of a petition."

The children are ages 11 and 7, and have been wards of the court since the fall of 1973. They have resided in foster care in Astoria, Oregon, continuously since late 1974. Two prior petitions have been brought to terminate the mother's rights in them. The second petition resulted in a settlement agreement which set forth eleven "conditions precedent" to regaining custody of the children. The trial court found the mother had substantially complied with six of these but found noncompliance with the remaining requirements: (a) support payments of $5 per month per child; (b) monthly communication with the children; (c) three-month visits if financially able; (d) refraining from making promises to the children; and (e) prompt submission to psychological testing. Failure to satisfy these requirements formed the basis for the present petitions.

The mother is borderline mentally retarded and has some memory difficulties and problems maintaining employment. She has been married three times but now has an apparently stable relationship. She has moved frequently in the past and now resides with her husband and third child in Kennewick, Washington. The family is largely dependent on welfare, although the evidence shows that the husband and the mother

have worked at several jobs during the one-year period in question.

As a threshold matter, the mother contends that the 1977 settlement agreement does not constitute a "plan to reunite the child with the parent," (ORS 419.523(3)(b)), because the Children's Services Division (CSD) has consistently sought termination of her rights and that, therefore, the deck was stacked against her ever regaining custody of her children. Admittedly, under the agreement the mother had the burden of proving herself capable of caring for her two children. In view of past CSD involvement with this mother and, inasmuch as CSD is charged by law with looking after the best interests of the children (ORS 418.005), we find nothing unreasonable about its posture in the matter. There is no evidence CSD failed to cooperate with the mother or prevented her from meeting the requirements. Further, we find nothing unreasonable about any of the conditions; the agreement merely adds content to the phrase "plan to reunite."[1]

The trial court thoroughly analyzed the evidence with respect to each instance of alleged noncompliance. That analysis need not be duplicated here. We agree with the trial judge's conclusions.

We are mindful of the psychological and mental limitations of the mother and the restrictions of her circumstances. The conditions that were breached, however, were part of an agreement voluntarily entered into by the mother with full assistance of counsel. She at all times had access to various social welfare agencies. In this context, we conclude that the

---

[1] It should be noted that many of the conditions contained in the agreement are those which the court is specially authorized to consider in terminating parental rights under ORS 419.523(3). If anything, the agreement is advantageous to the mother because it spells out specifically what she must do to regain custody.

mother's noncompliance was not justified and demonstrated that termination of her parental rights in the children was warranted under ORS 419.523(3).[2]

Affirmed.

---

[2]

"The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents have failed or neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child for one year prior to the filing of a petition. In determining such failure or neglect, the court shall consider but is not limited to one or more of the following:

" * * * * *

"(c) Failure to contact or communicate with the child or with the custodian of the child. In making this determination, the court may disregard incidental visitations, communications or contributions." ORS 419.523(3)(c).