Submitted on remand from the Oregon Supreme Court April 6, modified and, as modified, adhered to; judgment of trial court is affirmed July 21, reconsideration denied September 2, petition for review denied September 21, 1982 (293 Or 521)

In the Matter of Farrell, Sonya, Jennifer, Minor Children.

STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

FARRELL,
*Appellant.*

(No. 56,839, CA 19784)

648 P2d 401

James F. O'Rourke, Jr., Portland, argued the cause for appellant. On the briefs was John S. Marandas, Portland.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Richardson, and Warren, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This appeal by the mother from the termination of her parental rights is before us for the second time. In our earlier opinion, we affirmed the termination order. 55 Or App 897, 640 P2d 652 (1982). The Supreme Court allowed the mother's petition for review and remanded the case to us for reconsideration. 292 Or 822, 642 P2d 1167 (1982).[1] The basis for the remand was that "[t]he trial court found the requisite facts by a preponderance of the evidence as specified in ORS 419.525(2)," 292 Or at 824, and, after the trial court's and our decisions, the United States Supreme Court held in *Santosky v. Kramer*, 455 US 745, 102 S Ct 1388, 71 L Ed 2d 599 (1982), that there is a due process requirement that the facts in termination cases be proved "by at least clear and convincing evidence." 455 US at 748.

■     In addition to deciding the merits of the present case, we must decide in this appeal (1) whether the holding in *Santosky,* dealing with a New York statute, requires the conclusion that the standard of proof under the Oregon termination statute is unconstitutional; and (2) if so, how termination cases that have been decided by trial courts under the statutory standard and which have not yet been finally decided on appeal should be treated by us.[2]

ORS 419.525(2) provides, as pertinent:

"* * * The facts on the basis of which the rights of the parents are terminated, unless admitted, must be established *by a preponderance of competent evidence * * *."* (Emphasis added.)

The state concedes that the statutory standard of proof is unconstitutional in light of *Santosky.* We agree. The mother argues that the termination provisions of ORS chapter 419 are not severable under ORS 174.040,[3] that the

---

[1] In its memorandum opinion remanding the case to us, the Supreme Court incorrectly stated that we decided the case without opinion. 292 Or at 824.

[2] After the Supreme Court remanded the case, the parties filed supplemental briefs to address these issues.

[3] ORS 174.040 provides:

"It shall be considered that it is the legislative intent, in the enactment of any statute, that if any part of the statute is held unconstitutional, the remaining parts shall remain in force unless:

entire statutory scheme therefore falls with the standard of proof and that there is, therefore, no law in effect under which her parental rights can be terminated. We disagree.

■ She also argues that this court cannot adopt or apply the clear and convincing evidence test instead of the preponderance test required by the statute, because only the legislature can change the statutory standard. The Court stated in *Santosky:*

> "* * *[T]he degree of proof required in a particular type of proceeding 'is the kind of question which has traditionally been left to the judiciary to resolve.' *Woodby v. INS,* 385 U.S. 276, 284 [87 S Ct 483, 17 L Ed 2d 362] (1966). * * *" 455 US at 755-56.

*See also Transamerica v. Bloomfield,* 55 Or App 31, 637 P2d 176 (1981). The effect of *Santosky* is to nullify the standard of proof specified in the statute. That provision of the statute is severable from the remainder. Consequently, the application of the higher standard by this court would not judicially amend the statute, but would exercise the traditional judicial function of defining a standard of proof where applicable legislation is, in fact or effect, silent about the matter. We reject the mother's argument.

■ The state argues that *Santosky* should not be given retroactive effect and that the clear and convincing evidence standard should not be applied to this case or to other cases now pending on appeal or which yet may be appealed from trial court termination proceedings in which the lower standard of proof was applied before *Santosky.* Mother argues that "the clear and convincing evidence standard required by *Santosky* must be applied to this and all other cases where a mandate affirming the order terminating parental rights has not been issued." We agree with mother, in essence. Retroactivity is not the issue here.

---

"(1) The statute provides otherwise;

"(2) The remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or

"(3) The remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent."

Mother contends in her appeal, *inter alia,* that her constitutional rights were violated by the application of the preponderance of the evidence standard and that a higher standard of proof is required. Although *Santosky* was decided while her appeal was pending, that case is now controlling on the specific issue she raises.

There are other appeals from termination orders now pending before us, either initially or on petitions for reconsideration. Some of those appeals overtly raise the constitutional issue decided in *Santosky,* and some do not. However, whether a parent in a given case raises the constitutional issue is not material to the standard of proof we must apply in our review of the case. Our review is *de novo.* ORS 419.561(4), 19.125(3). There is accordingly no "preservation" factor. Whether or not the appellant challenges the constitutionality of the preponderance of the evidence standard applied at trial, we must apply the standard of proof that is *now* constitutionally mandated in performing our own factfinding function when the appeal raises a factual issue.[4]

The next question is whether the requirements of *Santosky* are satisfied by our application of the clear and convincing evidence standard in reviewing the pending appeals, or whether further proceedings at the trial level are necessary in some or all of the cases. The question arises because of language the Court used in *Santosky* to distinquish between the universal applicability of the due process requirement established in that case and the case-by-case determinations, permitted by *Lassiter v. Department of Social Services,* 452 US 18, 101 S Ct 2153, 68 L Ed 2d 640 (1981), of whether indigent parents have a due process right to court-appointed counsel:

> "* * * But this Court never has approved case-by-case determination of the proper *standard of proof* for a given

---

[4] The state argues that, in our *de novo* review of this and other cases tried under the preponderance of the evidence standard, *we* too should apply that standard because *Santosky* should not be applied retroatively. As we have stated, however, retroactivity is not an issue in cases which are now on appeal or which have been tried and may still be appealed, and we therefore reject the state's argument. We do not decide whether *Santosky* applies retroactively. *But see Lehman v. Lycoming County Children's Services Agency,* 458 US 502, 102 S Ct 3231, 73 L Ed 2d 928 (1982).

proceeding. Standards of proof, like other 'procedural due process rules[,] are shaped by the risk of error inherent in the truth-finding process as applied to the *generality of cases,* not the rare exceptions.' *Mathews v. Eldridge,* 424 U.S. [319, 344, 96 S Ct 893, 47 L Ed 2d 18 (1976)] (emphasis added). Since the litigants and the factfinder must know at the outset of a given proceeding how the risk of error will be allocated, the standard of proof necessarily must be calibrated in advance. Retrospective case-by-case review cannot preserve fundamental fairness when a class of proceedings is governed by a constitutionally defective 'evidentiary standard." (Emphasis and brackets in original; footnote omitted.) 455 US at 757.

■    The quoted language *can* be understood as implying that parents who appeal from a trial court's termination of their rights based on findings made under the preponderance of the evidence standard must be granted a new trial in which the higher standard of proof will be applied. However, we do not think that the Court intended such a requirement in cases that were on appeal or were appealable at the time of its decision if *de novo* factual review takes place on appeal. The principal—if not sole—concern of the *Santosky* majority was with the way in which evidence is weighed by the factfinder, not with the presentation of evidence. It is obvious that, when appellate review is not *de novo,* a remand to the trial court is the only disposition on appeal that can assure the parents of *any* factfinding proceeding that satisfies the constitutionally required standard of proof. It is equally apparent that a remand is not necessary to assure that the facts will be decided in accordance with that standard when the appellate court reviews *de novo* and can apply the standard itself.

The Court also stated in *Santosky,* in a footnote explaining that the constitutionally acceptable standard of proof does not vary because of the existence of other procedural safeguards under state laws:

"* * * Nor has the Court treated appellate review as a curative for an inadequate burden of proof. See *Woodby v INS,* 385 U.S. [276, 282, 87 S Ct 483, 17 L Ed 2d 362 (1966)] ('judicial review is generally limited to ascertaining whether the evidence relied upon by the trier of fact was

of sufficient quality and substantiality to support the rationality of the judgment'). * * *" 455 US at 757, n 9.

The state argues in its supplemental brief:

"* * * In contrast to that substantial evidence review, here we have *de novo* review on the record, a far more significant protection for the factfinding process. Although the existence of an additional level of *de novo* review may have no constitutional significance for the purpose of establishing the requisite standard of proof across the board, we submit that it is significant for the purpose of determining whether a heightened standard of proof must be applied retroactively. * * *"[5]

Although it argues that the language in *Santosky* relating to appellate review has a differing import depending on whether the review is *de novo* or for substantial evidence, the state does not go on to discuss whether appellate review under the New York statutory scheme considered in *Santosky* is *de novo* or for substantial evidence.[6] We have therefore researched that matter and have not found the New York law to be completely clear. Section 1118 of the New York Family Court Act makes the state's general Civil Practice Law and Rules (CPLR) applicable to appeals from family court decisions. CPLR § 5501(c) provides, in part:

"The appellate division shall review questions of law *and questions of fact* on an appeal from a judgment or order of a court of original instance * * *." (Emphasis added.)

The Practice Commentaries to § 5501 (7B McKinney's Consolidated Laws of New York Annotated, § 5501.10, p 30 (1978), David D. Siegel, commentator) state:

"The review powers of the Appellate Division are broad. They include both questions of law and questions of fact, which of course embrace mixed questions of law and fact; or, practically speaking, the reviewability of both categories makes it unnecessary, as far as the Appellate

---

[5] Again, we do not share the state's understanding that retroactivity is a factor here. Even if we did, we would see no nexus between (1) the fact that appellate review is *de novo* and (2) the proposition that the higher standard of proof should not be applied in the exercise of that review.

[6] The question is not addressed in the *Santosky* opinion.

Division's review is concerned, to determine which category a particular issue falls under. It is upon appeal to the Court of Appeals, which is generally restricted to reviewing questions of law, that the need for categorization arises.

"\* \* \* \* \*"

However, McKinney's annotations to § 5501 and the New York opinions we have reviewed indicate that *de novo* factual review rarely occurs in New York and that the New York appellate courts often expressly disclaim that they have authority to examine the trier of fact's findings except for sufficiency of evidence. *See, e.g., Duane Jones Company, Inc. v. Burke,* 306 NY 172, 117 NE2d 237 (1954); *Dennerlein v. Martin,* 247 NY 145, 159 NE 891 (1928); *Dobess Realty Corp. v. City of New York,* 79 App Div 2d 348, 436 NYS2d 296 (1981); *DeRosa v. Binghamton Taxicab Co., Inc.,* 266 App Div 1044, 44 NYS2d 664 (1943). Saliently, the New York appellate court's opinion affirming the trial court's termination of the Santoskys' parental rights addressed only the constitutional issue and did not address the facts or suggest that factual review had occurred. *In the Matter of John AA.,* 75 App Div 2d 910, 427 NYS 2d 319 (1980).

Whatever the theory or reality of factual review in New York may be, the earlier quoted language from the *Santosky* footnote seems to pertain only to substantial evidence review. Moreover, as we read that language in its context, it means only that the existence of appellate review and other procedural protections cannot relieve states from the general due process requirement of applying the proper standard of proof in parental rights termination cases. The language does not imply that, where the appellate court acts as the factfinder and applies the higher standard, further proceedings and factfinding at the trial level are constitutionally necessary in cases tried before *Santosky.*

We hold that due process is satisfied by *de novo* review of the pending appeals under a clear and convincing standard, and that remands to the trial courts are not constitutionally required.

■      We turn to the merits of this case.[7] The Court noted in *Santosky* that one of the objects served by raising the standard of proof was:

> "* * * 'Increasing the burden of proof is one way to impress the factfinder with the importance of the decision and thereby perhaps to reduce the chances that inappropriate' terminations will be ordered." (Quoting from *Addington v. Texas,* 441 US 418, 427, 99 S Ct 1804, 60 L Ed 2d 323 (1979)). 455 US at 764-65.

While that objective is surely laudable, the importance of decisions in termination cases was not lost on this court or other Oregon courts before *Santosky* was decided. *See, e.g., State v. McMaster,* 259 Or 291, 486 P2d 567 (1971); *State ex rel Juv. Dept. v. Wyatt,* 34 Or App 793, 579 P2d 889, *rev den* 283 Or 503 (1978). We have reconsidered our earlier opinion and conclude that the requisite facts were established by clear and convincing evidence.

Former opinion modified on remand from the Oregon Supreme Court and, as modified, adhered to. The judgment of the trial court is affirmed.

---

[7] The relief the mother seeks on appeal is:

"The trial court's decision should be reviewed and a finding made in favor of the Appellant relative to the termination of parental rights, with instructions that wardship continue and that a complete program of available services be implemented with the goal of achieving ultimate reintegration of the children with the mother."