659 P.2d 1027 (1983)
62 Or.App. 288
In the matter of R., a Child.
State of Oregon, ex rel. Juvenile Department of Linn County, and R., Appellants,
v.
B.H. and R.H., Respondents.
CA A24026.
Court of Appeals of Oregon.
Argued and Submitted November 10, 1982.
Decided March 16, 1983.
*1028 Kathryn A. Logan, Albany, argued the cause and filed the brief for respondent R.H.
David Knower, Albany, argued the cause for appellant child. With him on the brief was Nelson, Coady & Knower, Albany.
Paul H. Kuebrich, Albany, argued the cause and filed the brief for respondent B.H.
Kay Kiner James, Asst. Atty. Gen., Salem, argued the cause for appellant State of Oregon. With her on the brief were Dave Frohnmayer, Atty. Gen., Stanton F. Long, Deputy Atty. Gen. and William F. Gary, Sol. Gen., Salem.
Before BUTTLER, P.J., and WARREN and ROSSMAN, JJ.
ROSSMAN, Judge.
The state and the child appeal from the juvenile court's dismissal of the state's petition under ORS 419.523(2) to terminate father's and mother's parental rights. The court continued in effect its earlier order maintaining the child in the custody of Children's Services Division (CSD) and requiring that the parents get counseling before he is returned to them. On de novo review, we reverse and remand.
In May, 1978, when the child was six years old, he was removed from his parents' home and placed in CSD's temporary custody because of a beating inflicted by his father that left his right leg and abdomen extensively bruised. Mother told those investigating the incident that other beatings had occurred in the preceding year, usually when father had been drinking. Mother had left home with the child after one of these beatings, but was persuaded to return by father's promise not to abuse him again. She had summoned police to the home a year earlier after father had inflicted facial bruises on him, as well as a swollen and bloody lip. He has been in CSD's custody since his removal from the home in 1978. He has lived with the same foster family since June, 1978.
Over the three-year period since the child was removed from his parents' home, CSD has provided numerous and repeated opportunities for mother and father to improve their parenting skills, or at least to demonstrate some interest in changing the conditions in the home so that the child's return could be considered. CSD's efforts, and the opportunities provided, were too extensive to detail here, but they included home visits, group counseling appointments, homemaker appointments, individual counseling appointments and parenting classes, and on some occasions even transportation to the classes or appointments. Still the parents attended on only a token basis, if at all. Because father's job required that he be away from home for extended periods, CSD offered to arrange for counseling or education where father was and in a few cases did make such arrangements, but father did not follow up. Over the three-year period, both parents have demonstrated a singular lack of interest in anything CSD has suggested and can point to no other efforts on their part to make the child's return possible.
The record demonstrates that the child was not safe from physical abuse in his parents' home. Both parents' unfitness is established by the continued beatings. Mother argues that father's abuse does not *1029 establish her unfitness. She was not able to prevent the abuse, however, nor has she removed herself from the situation in which it occurs. Father's physical abuse, and mother's unwillingness or inability to disassociate herself from him, constitute "conduct or condition seriously detrimental to the child." ORS 419.523(2); see State ex rel. Juv. Dept. v. East, 38 Or. App. 59, 70, 589 P.2d 744, rev. den. 286 Or. 1 (1979); State ex rel. Juv. Dept. v. Darnell, 49 Or. App. 561, 566, 619 P.2d 1349 (1980), rev. den. 290 Or. 551 (1981).
The only remaining question is whether the state established that the child's integration into the home is improbable in the foreseeable future. The trial court apparently found that the state had not proved that allegation. The court did not make formal findings, but its comments indicate its position that several agreements CSD had made with the parents requiring counseling and parenting classes before it would consider returning the child to them were beyond CSD's authority, or at least unreasonable in the circumstances here.
We disagree with the trial court's conclusion that CSD placed unreasonable or unauthorized conditions on the child's return to his parents home. It is CSD's duty to recommend and encourage use of services which will assist parents to reach the level of minimal adequacy. ORS 419.523(2); State ex rel. Juv. Dept. v. Farrell, 55 Or. App. 897, 901, 640 P.2d 652, reversed and remanded on other grounds 292 Or. 822, 642 P.2d 1167, aff'd 58 Or. App. 258, 648 P.2d 401, rev. den. 293 Or. 521 (1982). The agreements here set minimum and maximum visitation periods and required that the parents keep CSD informed of their changes of address, that they participate in parenting classes or counseling and that they submit to a psychological evaluation to assess their abilities as parents. These conditions were entirely warranted, particularly in light of the juvenile court's 1979 order, continued in 1982, that the parents receive counseling before the child could return to their home. Moreover, the agreements should have been helpful to the parents, because they specified exactly what was required of parents to regain custody of their son. See State ex rel. Juv. Dept. v. Kirk, 44 Or. App. 381, 384, 606 P.2d 634, rev. den. 289 Or. 45 (1980).
The parents' failure to cooperate in CSD's extensive efforts to change the detrimental conditions in their home establishes that integration into the home in the near future is improbable. Because the allegations of the state's termination petition were established by clear and convincing proof, the petition should have been granted.
Reversed and remanded with instructions to grant the state's petition to terminate parental rights.