Argued and submitted October 19, 1983, affirmed in part;
reversed in part February 8, 1984

In the Matter of Angela Rene Chapin
and Tory Ernest Chapin, Children.

STATE ex rel JUVENILE DEPARTMENT
OF DOUGLAS COUNTY et al,
*Respondents,*

*v.*

CHAPIN et al,
*Appellants.*

(4897; CA A27299)

675 P2d 1117

Darryl E. Johnson, Roseburg, argued the cause and filed the brief for appellant Bion Chapin.

Jim Hilborn, Reedsport, argued the cause for appellant Mary Ann Chapin. With him on the brief was Bechtold, Laird & Hewes, P.C., Reedsport.

Kay Kiner James, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Sally Leisure, Special Assistant Attorney General, Salem.

Before Joseph, Chief Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

■ Father, Bion Chapin, and mother, Mary Ann Chapin, separately appeal from an order terminating parental rights. We affirm the termination of father's rights[1] and reverse the termination of mother's rights.[2]

ORS 419.523(2) provides in part:

"The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change. In determining such conduct and conditions, the court shall consider but is not limited to the following:

"* * * * *

"(c)  Addictive use of intoxicating liquors or controlled substances.

"(d)  Physical neglect of the child.

"(e)  Lack of effort of the parent to adjust the circumstances of the parent, conduct, or conditions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected."

■ The petition seeking termination of mother's rights essentially quoted these statutory sections. Our review is de novo. ORS 419.561(4); 19.125(3). We find that petitioners failed to prove by clear and convincing evidence, *State ex rel Juv. Dept. v. Farrell,* 58 Or App 258, 648 P2d 401, *rev den* 293 Or 521 (1982), that integration of the children into the mother's home "is improbable in the foreseeable future due to conduct or conditions not likely to change."

The record reveals that, when the children were removed from the family home, mother and father had alcohol problems, and father had beaten and seriously injured mother.

---

[1] Our review of the record has convinced us that the parental rights of the father should be terminated. ORS 419.523. The evidence is clear and convincing. *State ex rel Juv. Dept. v. Farrell,* 58 Or App 258, 648 P2d 401, *rev den* 293 Or 521 (1982).

[2] ORS 419.523(1) provides in part: "* * * the rights of one parent may be terminated without affecting the rights of the parent."

Mother had physical problems which required extensive surgery. The home was described by several witnesses as "filthy," and photographs were introduced that support that assessment. Dr. Sullivan, a clinical psychologist, testified for the state. On cross-examination, he testified that separation of the parents would increase the mother's ability to deal with the children. In addition, he testified that the bad marriage exacerbated the parents' drinking problems.

At the time of the termination hearing, divorce proceedings had been initiated, and mother was living in her own "clean and orderly" apartment. She was abstaining from alcohol and recovering from her health problems. The record also reveals that mother had been cooperative with Children's Services Division (CSD) throughout its involvement. Her caseworkers testified that mother consistently made an effort to adjust to CSD requirements.

■ In order to terminate parental rights under ORS 419.523, the petitioner must prove that the parent presently is unable to supply physical and emotional care for the child. *State v. Blum,* 1 Or App 409, 417, 463 P2d 367 (1970). The record is replete with mother's efforts not only to adjust her circumstances to make return of the children possible, but to cooperate with CSD to better the home environment. We are not persuaded by the evidence that mother is presently unable to supply physical and emotional care for the children. Termination of mother's parental rights was error.

Affirmed as to Bion Chapin; reversed as to Mary Ann Chapin.