Argued and submitted September 8, affirmed as modified December 4, 1986

In the Matter of
Larson, Katrina and Dawn, Minor Children.

STATE ex rel JUVENILE DEPARTMENT
OF TILLAMOOK COUNTY,
*Respondent,*

*v.*

LARSON,
*Appellant.*

(1300; CA A38612)

728 P2d 959

Mary Vale Riggs, Portland, argued the cause and filed the brief for appellant.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Appellant is the mother of two minor children who, under a 1984 order, are within the jurisdiction of the Juvenile Court of Tillamook County. She appeals from a final order by the Juvenile Court, which upholds restrictions Children's Services Division (CSD) placed on her right to visit her children.

The children were originally found to be within the jurisdiction of the court pursuant to ORS 419.476(1)(e).[1] The order declared the children wards of the court and placed them in the legal custody of CSD for care, placement and supervision. ORS 419.507. That order was not appealed, and its continuing validity is not at issue. The oldest of the two children was seven years old when placed in CSD's custody and currently resides at the Parry Center for Children. The youngest was five and currently resides in foster care. Mother has maintained contact with the children through visitation.

In 1985, CSD learned from the children that mother had become romantically involved with a man named Hill, who had a criminal record and who was often present during mother's scheduled visitations. Mother was evasive when CSD questioned her about the relationship. Hill, on the other hand, cooperated with CSD and authorized it to acquire a copy of his criminal record, which shows arrests and convictions for burglary and larceny in 1978, 1980 and 1981, and an arrest for malicious injury to property in 1984. CSD also learned from Hill that in 1979 he had been diagnosed as having an anti-social and dyssocial personality and that he once broke a friend's jaw in a fight.

In view of Hill's past, mother's evasiveness and her

---

[1] ORS 419.476(1) provides:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"* * * * *

"(e) Either the person's parents or any other person having custody of the person have abandoned the person, failed to provide the person with the support or education required by law, subjected the person to cruelty or depravity or to unexplained physical injury or failed to provide the person with the care, guidance and protection necessary for the physical, mental or emotional well-being of the person * * *."

tendency to allow herself to be used by other people, as well as the emotional and behavioral problems of the older child, CSD determined that it would be in the best interests of both children if Hill was not present when mother visited them and issued a directive to that effect. Mother filed a motion in the juvenile court to vacate the directive. CSD then issued a second directive that requires mother to sever her relationship with Hill completely as a condition of visitation, and mother challenged both directives.

The court found that the first directive was "appropriate to protect the interests of the children." With respect to the second, it reasoned that CSD was authorized to impose the restriction under *State ex rel Juv. Dept. v. Darnell,* 49 Or App 561, 619 P2d 1349 (1980), *rev den* 290 Or 551 (1981), and *State ex rel Juv. Dept. v. East,* 38 Or App 59, 589 P2d 744, *rev den* 286 Or 1 (1979), in which we approved the termination of the mothers' parental rights in large part because of their refusal to sever relationships with men who had documented histories of child abuse. The court denied mother's request to vacate the restrictions.

Mother contends that the restrictions unconstitutionally infringe on her parental rights, because the state did not show that they were necessary to further a "compelling state interest."[2] The state contends that the burden is on mother to prove that the restrictions are not necessary and that the court did not err in admitting the documents.

ORS 419.500(1) provides that, before a child may be found to be within the jurisdiction of the juvenile court, the state must show a compelling state interest by establishing facts that show, by a preponderance of competent evidence, that the child is within the jurisdiction of the court under ORS 419.476(1). ORS 419.507(1)(b) provides that, once a child has been found to be within the jurisdiction of the court, the court may make the child a ward of the court and "when the court determines it would be in the best interest and welfare of the child * * * place the child in legal custody of the Children's Services Division for care, placement and supervision." ORS

---

[2] Mother also contends that the trial court erred in admitting certain documents concerning Hill's criminal past. However, we need not decide whether or not the documents were properly admitted because, even if they were not, the error would have no effect on the result we reach.

419.507(1)(b)(F) provides that commitment of a child to CSD does not terminate the court's continuing jurisdiction to "protect the rights of the child or the child's parents or guardians." ORS 419.561 provides that any person whose rights or duties are adversely affected by a final order of the juvenile court may appeal. *See State ex rel Juv. Dept. v. East, supra,* 38 Or App at 63. The scope of review on appeal is *de novo.* ORS 419.561(4).

Pursuant to its continuing jurisdiction, the juvenile court maintains the right to exercise its discretion "as to visitation by the parents." *State ex rel Juv. Dept. v. Richardson,* 267 Or 374, 378, 517 P2d 270 (1973). It may allow or deny visitation or affirm the visitation established by the Children's Services Division. In other words, if CSD proposes a visitation schedule or imposes conditions on visitation that are contested, the court may affirm CSD's schedule or conditions or establish its own. However, it may not act with total disregard of the parents' rights.

Here, although mother lost her right to care for and control her children in 1984 when they were found to be within the jurisdiction of the juvenile court, her parental rights have not been terminated pursuant to ORS 419.523 to 419.525. They are, therefore, subject to the court's protection under ORS 419.507(1)(b)(F)[3] and may not be further infringed upon, unless that infringement is in the best interests of the children.

The decision as to what is in the best interest of the children does not turn on who bears the burden of persuasion. The court must examine all of the relevant facts, without regard to who may have presented the facts. The court then must determine whether the conditions imposed by CSD are appropriate or whether either more stringent or more lenient conditions are necessary.

■ On an appeal, we recognize that the trial court, because of its face-to-face involvement with the participants in the hearing, is in a better position than we are to weigh the

---

[3] ORS 419.507(1)(b)(F) provides:

"Commitment of a child to the Children's Services Division does not terminate the court's continuing jurisdiction to protect the rights of the child or the child's parents or guardians."

various relevant factors, including the credibility of the witnesses, in determining what is in the best interests of children. Thus, we give deference to the trial court's judgment in these cases when there is an evidentiary basis for that judgment, but our review is *de novo.*

Powers, a CSD caseworker, testified that the older child is "the kind of person who will cause people to want to strike out against her" and is a "time bomb" waiting to explode. Hill even testified that she has pushed him close to the point of "flying off the handle." In view of all the testimony, the judge understandably expressed concern about her safety when Hill was present. However, no evidence was presented which indicates that the younger child exhibits the same type of behavioral problems as the older child, and we are unable to discern any other reason from this record to require that Hill not be present when mother visits her, unless the older child is also present. Similarly, no evidence was presented which suggests why mother must sever her relationship with Hill. Granted, Powers testified that CSD is concerned that Hill may be a bad influence on mother. That concern, however, is not borne out by the record. The juvenile court commented that mother had made "considerable progress" with her own life and commended Hill for being "up front" with CSD. Although we have a concern about Hill's criminal record, we note that his most recent conviction was in 1981 and that the record does not suggest that any of the crimes for which he was convicted involved abusive behavior.

■■ The evidence concerning the older child's behavioral problems presents a close question with respect to whether Hill should be present when mother visits her. We accept the trial court's determination and conclude that he should not be. However, the evidence does not even suggest that it is detrimental to the younger child for Hill to be present when mother visits her. Accordingly, in the absence of the requisite evidentiary basis for that finding, we vacate the visitation restriction as it applies to the younger child. Regarding the trial court's directive that mother sever her relationship with Hill, the record before us simply does not establish any evidentiary basis for such a drastic limitation on mother's rights. Accordingly, we also vacate that.

Provisions in the order that Hill not be present when mother visits her younger daughter and that mother sever her relationship with Hill stricken; order affirmed as modified.