Argued and submitted September 10, reversed and remanded December 31, 1986

In the Matter of the Adoption of
Jimmy Lee Crouse, a minor.

ANDERSEN et al,
*Respondents,*

*v.*

CROUSE,
*Appellant.*

(85-9263; A38555)

730 P2d 1275

Jeffrey A. Long, Certified Law Student, Salem, argued the cause for appellant. Stefanie Woodward, Inmate Legal Services, Inc., Salem, filed the brief.

No appearance for respondents.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an action terminating a non-custodial father's parental rights under ORS 109.322[1] and allowing the adoption of his minor child. Father appeals, contending that the trial court erred in ordering his waiver of consent to the adoption without first allowing him to present his defense in opposition to the adoption. We review *de novo*. ORS 19.125(3).

Father is an inmate of the Oregon State Penitentiary. In 1985, petitioners filed their petition to adopt his minor child. Father's former wife, the child's mother, previously had consented to the adoption. Father was served with an order to show cause why the adoption should not be decreed. ORS 109.322. He appeared with counsel and objected to the adoption. A hearing was held in December, 1985. Without objection, petitioners' counsel offered evidence that father was imprisoned in the state penitentiary under a sentence for a term of not less than three years and that he had actually served three years. ORS 109.322. Father acknowledged that he had been in the state penitentiary since June, 1981.

The following colloquy then occurred:

"THE COURT [to father]: * * * You couldn't care for this child, could you?

"MR. CROUSE: At the present time I — my wife can.

"* * * * *

"MS. WOODWARD [Father's counsel]: If I may, Your Honor, Mr. Crouse is willing to testify at this time that he is currently married. His wife is living in Portland. She is employed as an auditor with an oil firm. She has been employed there for 17 years and she is able to provide care for his son.

---

[1] ORS 109.322 provides, in relevant part:

"If either parent * * * is imprisoned in a state or federal prison under a sentence for a term of not less than three years and has actually served three years, there shall be served upon such parent, if the parent has not consented in writing to the adoption, a citation in accordance with ORS 109.330 to show cause why the adoption of the child should not be decreed. * * * Upon hearing being had, if the court finds that the welfare of the child will be best promoted through the adoption of the child, the consent of the * * * imprisoned parent is not required, and the court shall have authority to proceed regardless of the objection of such parent."

"THE COURT: Well, she has consented — not the mother —

"MS. WOODWARD: Not the mother. Mr. Crouse's current wife.

"THE COURT: Well, I read the report. Now is there anything else, counsel, that Mr. Crouse wishes to bring to this court?

"MS. WOODWARD: He would also be testifying to the contact that he has had with Jimmy from the birth up until approximately one year ago from the time he filed for a divorce from Jimmy's mother, the reason that Mr. Crouse lost contact with his son. We would like to try to show that that was not through any fault of his own and I guess — I guess his main testimony would be to show, or at least try to show to the court that Mr. Crouse does have the ability to provide his son with a stable home for the foreseeable future and based upon that perhaps a parent-child relationship should continue and not be terminated in this case.

"THE COURT: Well, I appreciate that but the Court has read the report of the — and I assume you have, counsel.

"MR. KUMLEY [Petitioners' counsel]: Yes, Your Honor.

"MS. WOODWARD: Yes.

"THE COURT: Children's Services Division. There are so many boards, bureaus, and commissions of the state today that I can't remember them all and having read that and — and they had not contacted Mr. Crouse but you're in Court today but the Court is of the opinion that the adoption should be allowed. It is for the welfare of the child.

"When is the last you saw the child?

"MR. CROUSE: I saw the child, I believe it was July 1984.

"THE COURT: 19— what?

"MR. CROUSE: 1984

"THE COURT: And while that is the best judgment of the Court. The Court will sign the decree of Adoption."

Father contends that the trial court erred in ordering his waiver of consent to the adoption without first allowing him to present his defense in opposition to the adoption. In ordering the waiver and in entering the decree of adoption, the trial court relied only on uncontested evidence of father's

prison record[2] and a report from CSD. In essence, that report was favorable to the adoption by petitioners. However, it also showed that father had not been interviewed by CSD.

ORS 109.322 gives father a right to a hearing if he wishes to contest the adoption. In *F. v. C.,* 24 Or App 601, 614, 547 P2d 175, *rev den, cert den* 429 US 907 (1976), we explained:

> "Where an adoption petition involving the child of an imprisoned parent is filed with the circuit court, ORS 109.322 specifically provides that the parent must be served with a citation to show cause why the adoption should not be decreed. At the subsequent hearing the parent is given an opportunity to appear *and present his defense in opposition to the adoption to provide the court with information relevant to the question of whether the protection and promotion of the child's interests requires the granting of the petition.* This procedure serves to afford an imprisoned parent due process and equal protection of the law. Where a parent's own conduct has led to a situation in which he is incapable of providing his child with a stable home for the foreseeable future, the state may, when balancing his refusal to consent against the interests of the child involved, reasonably choose to accord it a different weight than the refusal of parents not suffering the same disability." (Emphasis supplied.)

In this case, father's counsel told the trial court that he wanted to "present his defense." Counsel made what might be characterized as an offer of proof. Nevertheless, father was not permitted to testify. Because he was not, he was denied his statutory right to be heard. Although the primary concern remains the best interests of the child, the interests of the parent must be considered. *State ex rel Juv. Dept. v. Jenkins, supra,* n 2. The trial court erred in ordering the waiver of consent and in entering the adoption judgment.[3]

Reversed and remanded.

---

[2] Incarceration *alone* is rarely enough to warrant the involuntary termination of parental rights. *State ex rel Juv. Dept. v. Jenkins,* 59 Or App 702, 706, 651 P2d 1374 (1982).

[3] Because we reverse and remand, we need not consider father's contention that the evidence did not meet the clear and convincing standard established in *Santosky v. Kramer,* 455 US 745, 102 S Ct 1388, 71 L Ed 2d 599 (1982). *See State ex rel Juv. Dept. v. Farrell,* 58 Or App 258, 648 P2d 401, *rev den* 293 Or 521 (1982), *cert den* 460 US 1087 (1983). Although *Farrell* was a proceeding under ORS 419.525(2), the same standard is applicable in proceedings under ORS 109.310.